UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DELORA REAGAN,                          )
                                        )
         Plaintiff,                     )
                                        )     No: 1:13-CV-185
v.                                      )
                                        )
CAROLYN W. COLVIN, COMMISSIONER         )     Judge Curtis L. Collier
OF SOCIAL SECURITY,                     )
                                        )
         Defendant.                     )

## M E M O R A N D U M

Plaintiff Delora Reagan ("Plaintiff") challenges the final decision of the Commissioner of

Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI")

benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1382. United States Magistrate

Judge Susan K. Lee filed an R&R (Court File No. 14) recommending that the decision of the

Commissioner be reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). The

Commissioner timely filed an objection to the R&R (Court File No. 15), to which Plaintiff filed a

response (Court File No. 16). For the following reasons, the Court will **ACCEPT** and **ADOPT** the

magistrate judge's R&R (Court File No. 14).


## I.        FACTUAL AND PROCEDURAL BACKGROUND

### A. Medical History

Plaintiff was forty-seven years old on the date of her administrative hearing. On April 30,

2010, she applied for SSI alleging disability as of November 29, 2007 (Transcript ("Tr.") 62, 91-

100). Plaintiff asserts that she suffers from a number of physical ailments, including asthma,

arthritis, fibromyalgia, and non-alcoholic steatohepatitis ("NASH").

In August 2010, Dr. William Holland, a consulting examiner, performed a medical examination on Plaintiff. Dr. Holland described Plaintiff as "obese" and noted that she was able to walk without "noticeable difficulty or gate disturbance" and to "sit and then rise from a seated position easily" and without assistance (Tr. 315). He also observed that her neck had no anterior tenderness or masses and that she had a "normal range of motion at the shoulders, elbows, wrists, and hands with 5/5 strength bilaterally" as well as "normal range of motion at the hips, knees, and ankles" (Tr. 316). Dr. Holland assessed that Plaintiff was able to "work six to eight hours" a day but would "need to be seated about 30 minutes of each hour" (Tr. 316). He also assessed that she could lift five to ten pounds frequently and up to twenty pounds occasionally (Tr. 316).

In December 2010, Dr. Suzan House, a rheumatologist, found that several of Plaintiff's joints or tendons were tender, swollen, or hypertrophic (Tr. 393). An x-ray of her lumbar spine indicated minimal degenerative joint disease and she was also diagnosed with osteoarthritis in her hands (Tr. 393-94). On a follow-up visit, in April 2011, Dr. House diagnosed Plaintiff with fibromyalgia and osteoarthritis of the hands and knees (Tr. 396-97).

In October 2010, Dr. Forrest Tilson, Plaintiff's primary care provider since 2009, saw her for worsening pain and chronic stiffness in her back, hips, and legs. Dr. Tilson diagnosed Plaintiff with fibromyalgia, NASH, diabetes, asthma, and hypertension (Tr. 331). In May 2011, Plaintiff returned again to Dr. Tilson complaining of urinary frequency, fatigue, intermittent episodes of nausea, and chronic diarrhea. On July 19, 2011, Dr. Tilson conducted a clinical assessment of pain and determined that "pain was present to such an extent as to be distracting to adequate performance of daily activities or work" and "to such a degree as to cause distraction from task or total abandonment of task" (Tr. 361-62). He also noted that "pain and/or drug side effects can be expected

to be severe and limit effectiveness" (Tr. 361-62). Two days later, Plaintiff returned to Dr. Tilson complaining of joint and muscle pain, difficulty sitting for a prolonged period of time, and an inability to ambulate for more than ten to fifteen minutes without having to stop due to pain.

Dr. Tilson completed a medical source statement in which he concluded that Plaintiff's ambulation was severely affected and opined that she could occasionally lift up to twenty pounds, frequently lift less than ten pounds, stand for one hour total in an eight-hour work day, and sit for one hour total in an eight-hour work day (Tr. 355-57, 60). In addition, the statement noted that Plaintiff was to never climb, stoop, crouch, kneel, or crawl (Tr. 357). He listed fibromyalgia as the only clinical finding used in support of his opinion (Tr. 355-360).

### B. Procedural Background

After Plaintiff's claim was denied, she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 27, 2011. A vocational expert ("VE") testified at the hearing and was asked if a hypothetical individual with certain physical limitations similar to Plaintiff's past medical history, if restricted to light work and the opportunity to alternate sitting and standing positions every thirty minutes, could perform Plaintiff's past work or other work (Tr. 57). The VE testified that a position as a cafeteria monitor along with some assembly jobs would be within the posited hypothetical (Tr. 57). When questioned about a hypothetical based on Dr. Tilson's most recent assessment of Plaintiff, the VE testified there would not be any jobs that such an individual could perform (Tr. 58). The VE testified that if Plaintiff's testimony was taken as credible, then the alleged pain and need for frequent restroom breaks would disqualify her from performing any job (Tr. 58-59).

The ALJ analyzed Plaintiff's claim under the five-step evaluation outlined in 20 C.F.R. §

416.920(4)(I-v) and made the following findings: (1) Plaintiff has not engaged in any substantial gainful activity since April 30, 2010, the application date; (2) Plaintiff has the following severe impairments: asthma, diabetes, fibromyalgia, NASH, and hypertension; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments; (4) Plaintiff is unable to perform her past work; (5) there are jobs that exist in significant numbers in the national economy that she can perform. He determined that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work except that she must have the option to sit or stand at thirty minute intervals and was limited to occasional kneeling, crouching, crawling, balancing, stooping, or climbing ramps or stairs. The ALJ issued an unfavorable decision on November 17, 2011, concluding that Plaintiff was not disabled (Tr. 12-18).

Plaintiff sought review from the Appeals Council and the appeal was denied (Tr. 1-5). She then timely filed the instant action on June 5, 2013 (Court File No.2). In October, 2013, Plaintiff filed a motion for summary judgment (Court File No. 9). She argued the ALJ erred by failing to give controlling weight to her treating physician's opinion regarding her RFC and her pain (Court File No. 10). She challenged the ALJ's determination that her testimony regarding her pain and other symptoms was not credible and argued this determination was not based on substantial evidence. The Commissioner filed a motion for summary judgment (Court File No. 11) and argued that substantial evidence supports the weight accorded to Plaintiff's treating physician's opinion, substantial evidence supports the ALJ's credibility determination, and ultimately, that substantial evidence supports the ALJ's RFC finding (Court File No.12).

The magistrate judge found that the ALJ did not comply with the treating physician rule due to the court's failure "to determine the weight, if any, assigned to Dr. Tilson's opinion and the

reason for the weight assigned" (Court File No. 14). The magistrate judge concluded that the failure to comply with the treating physician rule was not harmless error and Plaintiff's claim should be remanded. She recommended that Plaintiff's motion for judgment on the pleadings be granted in part to the extent that it seeks remand, the Commissioner's motion for summary judgment be denied, and the Commissioner's decision denying benefits be reversed and remanded (*id.*). The Commissioner timely objected to the R&R (Court File No. 15).

## II.     STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1).  The Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used.  42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994).  Substantial evidence is greater than a scintilla but less than a preponderance.  *Brainard*, 889 F.2d at 681.  If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003).  The substantial evidence standard presupposes there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  The ALJ need not discuss every aspect of the

record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, No. 90-3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## III.     DISCUSSION

The Commissioner argues the magistrate judge erred when she concluded that the ALJ failed to comply with the treating physician rule. Specifically, the Commissioner contends that "[a]lthough the ALJ did not strictly comply with the terms of the regulation by failing to specify the weight accorded to the opinion, [the] reasons met the procedural safeguard." (Court File No. 15)(alteration in original). The ALJ rejected the opinion at issue by noting that it was "not supported by the underlying treatment records" (Tr. 16). The Commissioner asserts that the decision did not prejudice Plaintiff nor did it deprive her of her substantive rights (Court File No. 15). For the following reasons, the Court agrees with the magistrate judge's conclusion that the ALJ did not provide good reasons for rejecting the opinion of Plaintiff's treating physician and that this did not constitute harmless error.

The administrative regulations implementing the Social Security Act impose standards on the weighing of medical source evidence. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). In making determinations of disability, an ALJ evaluates the opinions of medical sources in accordance with the nature of the work performed by the source. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). The treating physician rule requires that "[a]n ALJ [] give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence

6

in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks omitted).

If the ALJ does not give the opinion controlling weight, then the opinion is still entitled to significant deference or weight that takes into account the length of the treatment and frequency of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and whether the treating physician is a specialist. 20 C.F.R. § 416.927(c)(2)-(6). The ALJ is not required to explain how he considered each of these factors but must provide "good reasons" for discounting a treating physician's opinion. 20 C.F.R. § 416.927(c)(2); *see also Cole*, 661 F.3d at 938 ("In addition to balancing the factors to determine what weight to give a treating source opinion denied controlling weight, the agency specifically requires the ALJ to give good reasons for the weight actually assigned."). "These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, 710 F.3d at 376 (quoting Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at *5 (July 2, 1996)) (internal quotation marks omitted).

A failure to follow these procedural requirements "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). The Sixth Circuit Court of Appeals "do[es] not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and [it] will continue remanding when [it] encounter[s] opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned." *Cole*, 661 F.3d at 939 (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)) (alteration in original) (internal

quotation marks omitted).

It is uncontested that Dr. Tilson is Plaintiff's treating physician and therefore subject to the treating physician rule. The ALJ failed to state explicitly that he was not assigning Dr. Tilson's opinion controlling weight or to specify what, if any, weight he gave to Dr. Tilson's opinion. It is, however, fairly apparent from the transcript that the ALJ was not assigning Dr. Tilson's opinion controlling weight. The ALJ opined that Dr. Tilson's opinion was not fully supported by the record and asserted that it was inconsistent with the opinions of Dr. Suzan House, Dr. William Holland, and the state agency non-examining consultative opinion. The ALJ instead accorded "considerable weight" to Dr. Holland's opinion and only explained this weight assignment with a statement that he found Dr. Holland's opinion to be "well supported." The ALJ ultimately accepted Plaintiff's fibromyalgia diagnosis but found that Dr. Tilson's underlying treatment records were not supportive of his assessment that Plaintiff could not sit, stand, or walk for more than one hour in an eight hour day.

The Commissioner admits that the ALJ did not explicitly state the specific weight he assigned to Dr. Tilson's opinion. The Commissioner argues that the ALJ's failure to state the weight assigned to the opinion is harmless error because the ALJ met the goal of 20 C.F.R. § 416.927(c)(2), the treating source regulation, by providing several reasons for finding that Dr. Tilson's opinion was not supported by the record.

However, the ALJ's "good reasons" must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, 710 F.3d at 376 (quoting Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July

2, 1996)). The ALJ did not identify substantial evidence that is supposedly inconsistent with Dr. Tilson's opinions. As the Sixth Circuit has noted,

> the conflicting substantial evidence must consist of more than the medical opinions of the nontreating and nonexamining doctors. Otherwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion. Such a rule would turn on its head the regulation's presumption of giving greater weight to treating sources because the weight of such sources would hinge on their consistency with nontreating, nonexamining sources.

*Id.* at 377.

The ALJ failed to provide "good reasons" and only provided reasons that did not meet the level of specificity necessary to satisfy the goals of the regulation. "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining source opinions is precisely the inverse of the analysis that the regulation requires." *Id.* at 379. The ALJ's decision does not permit Plaintiff or a reviewing court to have a clear understanding of the reasons for the weight given—if any, as the Commissioner has to yet to clarify whether the opinion was rejected or discounted—to Dr. Tilson's opinion. *See id.* at 377 ("The failure to provide 'good reasons' for not giving [the treating physician's] opinions controlling weight hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation.") (citing *Wilson*, 378 F.3d at 544) (alteration in original) .

Remand for a violation of the "good reasons" rule may not be required if the error is de minimis. *Wilson*, 378 F.3d at 544, 547. A violation of the "good reasons" rule can only be harmless error under three circumstances: "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the

goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Wilson*, 378 F.3d at 547).

The Commissioner did not meet the goal of the regulations because the ALJ's decision does not permit meaningful judicial review. In addition, Dr. Tilson's opinion was not patently deficient on its face, nor did the ALJ appear to treat it as patently deficient in his opinion. Finally, the ALJ did not make findings consistent with Dr. Tilson's opinion; rather, the ALJ made findings contrary to Dr. Tilson's opinion and only expressly gave weight to the opinion of a consultative physician. The ALJ's violation of the treating physician rule was not harmless.  Thus, the Commissioner fails to establish error on the part of the magistrate judge.

## IV.     CONCLUSION

The Court has considered the Commissioner's objection after its complete review of the record, and has found that it is without merit. Accordingly, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 14). The Court will **GRANT IN PART** Plaintiff's motion for summary judgment to the extent that it seeks remand and will **DENY IN PART** Plaintiff's motion for summary judgment to the extent it seeks an award of benefits (Court File No. 9). The Court will **DENY** the Commissioner's motion for summary judgment (Court File No. 11) and will **REVERSE** and **REMAND** the Commissioner's decision denying benefits.

**An Order shall enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

10