UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DELORA REAGAN,                          )
                                        )
            Plaintiff,                  )
                                        )        No. 1:13-cv-185-SKL
v.                                      )
                                        )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
            Defendant.                  )

## ORDER

Before the Court is Plaintiff's unopposed motion for approval of attorney's fees under 42

U.S.C. § 406(b) [Doc. 19].   Plaintiff seeks a fee award in the amount of $5,000.00.

## I.      BACKGROUND

Plaintiff was denied supplemental security income benefits by the Commissioner of Social

Security ("Commissioner" or "Defendant").   She appealed that unfavorable decision, and this

Court reversed and remanded the decision under Sentence Four of 42 U.S.C. § 405(g) finding the

ALJ's violation of the treating physician rule was not harmless and Plaintiff's claim was remanded

to the Commissioner for compliance with the treating physician rule and proper consideration of

the treating physician's opinion [Docs. 14, 17, & 18].

On remand, a second administrative hearing was conducted and a fully favorable decision

for Plaintiff by an ALJ ensued and Plaintiff was awarded past-due benefits in the amount of

$52,222.00 [Docs. 19-1, Page ID # 553; 19-4].   Plaintiff was represented on a contingency fee

agreement, pursuant to which Plaintiff's counsel would receive no more than 25% of any past-due

benefits award to Plaintiff as a result of her claims [Doc. 19-1, Page ID # 553 & Doc. 19-3, Page ID

1

# 561].   Further, under 42 U.S.C. § 406(a) and (b), Plaintiff's attorneys are allowed to request the

combined total amount of 25 percent of past-due benefits awarded to Plaintiff, $13,055.50[1] [Doc.

19-1, Page ID # 553; Doc. 20, Page ID #564].   The response of Defendant states that during an

administrative proceeding on June 13, 2016, before the Social Security Administration ("SSA"), a

representative for Plaintiff requested fees of $8,000.00 pursuant to 42 U.S.C. § 406(a) [Doc. 19-1,

Page ID # 553; Doc. 20, Page ID # 564].   The parties agree that the requested fee of $8,000.00 was

approved by the Commissioner, and Defendant states this sum was paid in August 2016 [Doc.

19-1, Page ID #552-53; Doc. 20, Page ID #564].   Plaintiff now moves for an award of $5,000.00[2]

in order to recover nearly the full contingency amount [Doc. 19-1, Page ID # 553].

In support of her motion, Plaintiff has submitted a brief in support and documentation

including an itemized statement and description of services in support of request for 406(b) fees,

contingency fee contract between Plaintiff and counsel, and notice of award of $52,222.00 by SSA

[Docs. 19, 19-1, 19-2, 19-3, & 19-4].   Defendant filed a response stating Defendant does not

oppose the motion for fees [Doc. 20].

## II.    ANALYSIS

The Social Security Act allows a claimant to receive a reasonable attorney's fee, but no

more than 25% of his past-due benefits, when he receives a favorable judgment.   42 U.S.C. §

406(b)(1).   A judgment ordering either the award of benefits or a remand may be considered

---

[1]  Plaintiff's brief in support calculates 25 percent of past-due benefits and apparently rounds it down to $13,055.00 Doc. 19-1, Page ID # 553]. The actual amount is $13,055.50 which is the amount referenced in Defendant's response [Doc. 20, Page ID #564].

[2] Twenty-five percent of past-due benefits is $13,055.50, minus $8,000.00 paid in August 2016, equals $5,055.50. Plaintiff seeks the amount of $5,000.00 [Doc. 19-1, Page ID #552-53; Doc. 20, Page ID #564-65].

"favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. *Id.*; *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

An award under § 406(b) differs from an EAJA award, which uses the "lodestar" concept to set a reasonable hourly rate for fees. *Rodriquez v. Bowen*, 865 F.2d 739, 743-44 (6th Cir. 1989). The percentage-based fee award was designed to "assure adequate compensation" to the attorney and "encourage attorney representation" by taking into account the inherent risk in pursuing an uncertain claim. *Id.* at 744, 746. The Supreme Court addressed the interplay of contingent-fee agreements and fee awards under § 406(b) holding that nothing in the text or history of § 406(b) "reveals a design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (quotation omitted). The Court explicitly rejected the lodestar method for calculating fees under § 406(b), but noted courts must review contingent-fee agreements for reasonableness, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A court should not approve a contingency fee if it results in a windfall to the attorney. *Id*. at 808.

In assessing the reasonableness of a fee request, courts should consider whether a fee agreement has been executed between the claimant and the attorney. *Bowen*, 865 F.2d at 746. If so, the court should consider the timing of the agreement—i.e., whether it was executed before litigation commenced or after victory was already certain. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997). The court should also consider the agreement's terms. *Rodriquez*, 865 F.3d at 746. If the agreement states the attorney will be paid a certain percentage within the statutory range, it is entitled to a rebuttable presumption of reasonableness. *Id.* A

3

deduction from the amount specified by agreement should generally be made only when the claimant's counsel was ineffective or unduly delayed the litigation or where the award would be a "windfall" because of an "inordinately large benefit award" or "minimal effort expended." *Id.*

In light of these principles, the Court **FINDS** the fee request is reasonable. The request is supported by a contingency fee agreement that was executed when Plaintiff retained counsel, and is therefore entitled to a rebuttable presumption of reasonableness. Plaintiff's counsel was effective in that Plaintiff prevailed on the issue brought before the Court. Plaintiff's counsel did not improperly delay the litigation and the award would not be a windfall as Plaintiff's benefit award is not inordinately large. *See*, *e.g.*, *McEwen v Comm'r of Soc. Sec.*, No. 3:06-cv-319, 2014 WL 1224212 (M.D. Tenn. 2014) ($9,453.78 award under § 406)*, Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666 (S.D.N.Y. 2010) ($28,934 award under § 406); *Trejos v. Comm'r of Soc. Sec.*, No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2854234 (M.D. Fla. 2010) ($16,889.05 award under § 406). In sum, the Commissioner has not identified, and the Court has not found, any reason to doubt the reasonableness of the fee request.

## III.    CONCLUSION

Accordingly, Plaintiff's unopposed motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 19] is **GRANTED** and Plaintiff's counsel is awarded the amount of $5,000.00.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
_____
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

4